JACOB STAPENHORST, Appellant, *v.* JULIUS WOLFF, Respondent.

Where a judgment, entered upon the report of a referee, is reversed by the General Term this court will not, for the purpose of sustaining the judgment, adopt a theory not set up in the complaint or broached upon the trial.

(Argued May 5, 1875; decided June term, 1875.)

THIS action was brought to recover an amount alleged to have been agreed to be paid by defendant to plaintiff, by virtue of an agreement closing a partnership between the parties, whereby defendant purchased plaintiff's interest. The

agreement was in the German language, and the question was as to the interpretation of a clause therein under which plaintiff's action was brought. Plaintiff claimed that the true signification of the clause was that defendant thereby assumed all the outstanding debts of (claims due) the firm for collection, he to pay all they owe and to pay the balance to plaintiff immediately within thirty days; and that the obligation incurred on defendant's part was to pay at once, without reference to collections, the difference between the claims and the debts. Defendant claimed the proper interpretation of the clause was as follows:

"Julius Wolff assumes to collect all debts due said firm and therewith to pay all the debts of said firm, and to pay the balance to Jacob Stapenhorst forthwith within thirty days;" and that under it he was not liable until the claims had been collected, the debts paid and the balance ascertained. *Held*, that defendant's interpretation of the contract was the correct one, and that no action could be sustained until the balance was ascertained after collections and payments. Plaintiff's counsel claimed upon the argument that even if defendant's version of the agreement was correct he was liable as he had not proceeded with reasonable diligence to collect the debts. *Held*, that as the theory of the action as set forth in the complaint was that defendant had specifically agreed to pay the exact difference between the claims in favor of and those against the firm, and as this was the theory upon which the case was tried and decided plaintiff could not, after this theory had been upset by the General Term, shift his ground here.

*Samuel Hand* for the appellant.

*Richard H. Strahan* for the respondent.

Dwight, C., reads for affirmance.
All concur.
Order affirmed and judgment absolute ordered against plaintiff.