GEORGE MOORE, Respondent, *v.* THE BROOKLYN ADVERTISING COM-
PANY, Appellant.

*Contract of employment — variation of.*

When a written contract of employment is sure in its terms, strong proof is
required to establish a variation thereof; and the writing should be upheld
when the variation is not fully proven.

APPEAL by the defendant, the Brooklyn Advertising Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of Kings county on the 26th day
of September, 1892, upon the report of a referee.

The action was brought to recover the balance claimed by the
plaintiff to be due him from the defendant for commissions earned
under a contract of employment.

*Wm. J. Gaynor*, for the appellant.

*Charles H. Otis*, for the respondent.

BARNARD, P. J.:

On the 17th day of August, 1888, the defendant entered into a
written agreement with the plaintiff to employ him for three years
in soliciting and obtaining advertising business for the defendant.
The plaintiff was to give his entire and exclusive time, and his best
efforts, to increase the defendant's business. The rates for the serv-
ices were fixed. Fifteen per cent was to be paid plaintiff for all
business secured by the defendant, which was closed by the plaintiff,
and ten per cent on all business closed by outside agents. Fifty per
cent of the commissions was to be left to cover defaulting or void
contracts, but there was to be a settlement every six months. If
$20,000 in advertising was not put in the first year, the defendant
had the right to cancel the contract. The proof shows that the
plaintiff continued in the employment for three years, and that
$20,000 was put in the first year. The parties differed widely as to
the facts. The plaintiff gave evidence tending to show that he was
entitled to recover, over and above payments, the sum of $3,766.
The items which were involved in the examination were very
numerous, and the same were scrutinized before the referee, item

by item. The defendant pleaded payment, and gave evidence tending to show that the dealings between the parties were all entered on a blotter, and were settled at short intervals; that the plaintiff accepted in some cases a change of rules as between the ten and fifteen per cent in the contract, and in others made special rates different from those named in the contract. The plaintiff denied this wholly. He testified that the account was kept on a blotter, but that the contract as to rates and as to what was due the plaintiff was a subject of contest and dispute from the very commencement until the end of the employment. The referee heard the oath of the plaintiff and the writing on one side, and the testimony of defendant's president and of the two bookkeepers on the other. On these questions of fixing rates and of settlement, he has found for the plaintiff. There was a question whether the plaintiff was to be paid for business closed by one William Rogers. The plaintiff and the defendants were at variance as to the fact, and the referee has decided in favor of the plaintiff. There should be no reversal upon appeal from the findings of the referee upon questions of fact when the evidence is so strong in favor of the finding. The contract was sure in its terms. A variation requires strong proof of the fact. The writing should be upheld when the variation of its terms is not fully proven. The plaintiff had a second cause of action in his complaint. One William P. Flinden, an agent of the defendant, obtained a contract from the Coster Medicine Company for advertising by defendant for five years at the rate of $510 per year. The plaintiff is the assignee of this agent. Flinden was entitled to be paid ten per cent for procuring this contract, only a part of which had been paid. The findings include this balance as due the plaintiff under the assignment, being $102.

The case shows no reversible error committed upon the trial. and the judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.