THE PEOPLE OF THE STATE OF NEW YORK ex rel. SEVERIN WARSCHAUER, Appellant, v. WILLIAM DALTON, as Commissioner of Water Supply of the City of New York, Respondent.

1. NEW YORK CITY — REMOVAL FROM MUNICIPAL SERVICE — "REGULAR CLERK." An inspector of water supply to shipping in the department of water supply of the city of New York is not a "regular clerk," within the meaning of section 1543 of the Greater New York charter (L. 1897, ch. 378), which provides that no regular clerk shall be removed until he has been allowed an opportunity of making an explanation.

2. PROTECTION OF CIVIL SERVICE ACT OF 1898 — NECESSITY OF ALLEGATION OF COMPETITIVE POSITION, IN PROCEEDING FOR REINSTATEMENT. To enable a person removed from the civil service of the city of New York in June, 1898, to insist, in a proceeding for a mandamus to compel reinstatement, that he was entitled, under chapter 186 of the Laws of 1898, to have the reasons of removal set forth and filed, and to have an opportunity to make an explanation, he must allege in his petition that the position from which he was removed was at the time in the competitive class.

3. APPEAL — RECORD EVIDENCE NOT IN RETURN. Record evidence not in the return cannot be resorted to in the Court of Appeals to secure a reversal.

*People ex rel. Warschauer v. Dalton,* 34 App. Div. 302, affirmed.

(Submitted April 18, 1899; decided June 6, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 19, 1898, affirming an order of Special Term deny-

ing a motion for a peremptory writ of mandamus requiring the respondent to reinstate the relator in his position of inspector of water supply to shipping in the department of water supply of the city of New York.

The facts, so far as material, are stated in the opinion.

*W. R. Spooner* for appellant. Peremptory mandamus should have issued in the first instance, as the petition in every respect stands conceded to be true. (*People ex rel.* v. *Dalton,* 158 N. Y. 175.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* of counsel), for respondent. No appeal lies to this court from the order of the Appellate Division. (*People ex rel.* v. *Jeroloman,* 139 N. Y. 14 ; *People ex rel.* v. *Van Wyck,* 157 N. Y. 495 ; *People ex rel.* v. *Bd. Education,* 158 N. Y. 125.) The dismissal in question does not violate the Constitution nor any law of this state. (*People ex rel.* v. *Barker,* 5 App. Div. 227 ; 150 N. Y. 570 ; *People ex rel.* v. *Robb,* 126 N. Y. 180 ; *People ex rel.* v. *Fire Comrs.,* 73 N. Y. 437 ; *People ex rel.* v. *Fire Comrs.,* 86 N. Y. 149 ; *People ex rel.* v. *Cram,* 72 N. Y. S. R. 266 ; *People ex rel.* v. *Health Department,* 24 Wkly. Dig. 197 ; *People ex rel.* v. *Dalton,* 23 Misc. Rep. 294.) The civil service rules afford relator no protection. (*People ex rel.* v. *Robb,* 126 N. Y. 180 ; *Carr* v. *Gordon,* 82 Fed. Rep. 373 ; *People ex rel.* v. *Grant,* 37 N. Y. S. R. 629 ; *Taylor* v. *Kercheval,* 82 Fed. Rep. 397 ; *Woods* v. *Gary,* 56 Alb. L. J. 260 ; *Jackson* v. *Mayor, etc.,* 87 Hun, 296 ; *People ex rel.* v. *Koch,* 2 N. Y. S. R. 110 ; *Heard* v. *Comrs. of Charities,* 51 N. Y. Supp. 375.) The failure of the commissioner to enter the true grounds of relator's discharge upon the records of his department, does not invalidate that discharge. (*People ex rel.* v. *Myers,* 10 N. Y. Supp. 815.)

Parker, Ch. J. On this appeal the relator insists that his attempted removal by the defendant on the 11th day of June, 1898, was illegal upon two grounds, first, because it appears by

the relator's petition that he was holding the position of a regular clerk, and, therefore, could not be removed without an opportunity to make the explanation provided for by § 1543 of the Greater New York charter; second, because he was removed from a competitive position without having the reasons therefor set forth in writing and duly filed, and an opportunity afforded him to make an explanation under chapter 186 of the Laws of 1898.

As to the first ground the Appellate Division unanimously held that the facts recited in the petition did not show that the position held by the relator was that of a regular clerk, and, hence, it affirmed the order of the Special Term dismissing the writ. The opinion of that court so exhaustively considers the question as to leave nothing to be added, and we adopt it as furnishing the reasons for holding that the relator's first position on this review is not well taken.

The second ground of error alleged is apparently presented in this court for the first time in the history of this proceeding. The record contains no indication that it was brought to the attention of the Special Term or of the Appellate Division. It is suggested that the reason for it is obvious, in that the order of the Special Term was made in October, 1898, while the *Fleming* case (*People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175) was not decided by this court until February, 1899. The fact that no such question was raised at the Special Term or at the Appellate Division should, under a perfectly well-settled and long-established rule, deprive the relator of the right to have it considered in this court. (*Drucker* v. *Man. R'y Co.*, 106 N. Y. 157; *Baird* v. *Mayor, etc.*, 96 N. Y. 567, 603; *Stapenhorst* v. *Wolff*, 65 N. Y. 596; *Home Ins. Co.* v. *Western Trans. Co.*, 51 N. Y. 93.)

If, however, in violation of the rule that a party on appeal must stand by the theory of his action or proceeding as presented at the trial court or Special Term, we proceed to inquire into the matter, we must reach the conclusion that the relator did not show in his petition that he was within the protection of chapter 186 of the Laws of 1898, in that his petition fails

to state that his position under the Civil Service Law and rules
was classified as competitive.    In the *Leet* case this court held
not only that the act of 1898 had no application to an official
who was classified in the non-competitive class by the New
York city civil service regulations, but also that it mattered
not that at the time of his appointment the position belonged to
the competitive class if it was subsequently and before the act
of 1898 took effect classed as non-competitive.    (*People ex rel.
Leet* v. *Keller*, 157 N. Y. 90.)    It was necessary, therefore, for
the relator to allege in his petition that the position from which
he had been removed belonged to the competitive class in
order that it should appear to the court that his position was
within the protection of the act of 1898.    There is not a sug-
gestion of that kind in the petition from beginning to end.
Not a word that would advise the court or opposing counsel
that the relator even claimed the fact to be that his position
was within the competitive class.    Whatever there is touching
the character of his position negatives the idea that he was
claiming the benefit of the act of 1898 as a member of a com-
petitive class under the civil service rules and regulations, for
his assertion was that "his position was and is that of a regular
clerk and was and is in the classified civil service under the
civil service laws, rules and regulations," " and the which said
office or position petitioner was and is entitled to continue to
hold, subject only to removal for cause or to abolish unneces-
sary positions."    His view of the situation was thus pre-
sented to the court, and was that, inasmuch as he claimed to
be a regular clerk, he was entitled to continue to hold the
office, subject only to removal for cause or to abolish unneces-
sary positions, a far stronger position from the relator's point
of view than that which is afforded by the Laws of 1898,
which simply makes it necessary to have the reasons for
removal stated in writing and filed and an opportunity to
make explanation before a removal shall take place.    It is
suggested that the civil service rules and regulations may be
read in aid of the general allegations of the petition, and, as
thus read, that we may discover the fact to be that the relator

was actually in the competitive class. The rule is well settled that record evidence not in the return may be read by the court on review in support of a decision, but not to secure a reversal. (*Wines* v. *Mayor etc.*, 70 N. Y. 613; *Matter of Cooper*, 93 N. Y. 507; *Day* v. *Town of New Lots*, 107 N. Y. 148; *Dunham* v. *Townshend*, 118 N. Y. 281; *A. A. R. R. Co.* v. *Johnson*, 134 N. Y. 375.)

The order should be affirmed, with costs.

All concur, except BARTLETT, J., not voting.

Order affirmed.