ABRAHAM SNIDER, Individually and as Executor of MICHAEL SNIDER, Deceased, Respondent, *v.* C. LOUISE SNIDER, as Executrix of MICHAEL G. SNIDER, Deceased, Appellant.

1. WILL — GIFT OF LIFE ESTATE — MEANING OF "HEIRS." The following clause in a will: " I give and bequeath the sum of two thousand five hundred dollars to my son M., to be paid to him by the executors of this my will, and to be held, used and enjoyed by him, my said son, during his life, and at his death to his heir or heirs, should he have any; should he die without issue, I give and bequeath said sum of two thousand five hundred dollars to my son A.," constitutes a gift to M. of a life estate only, the principal to go to A. upon the death of M. without descendants — the term "his heir or heirs," in the connection in which it is used, meaning "heirs of his body."

2. CLAIM BY EXECUTOR OF LIFE TENANT OF LEGACY TO HAVE REMAINDERMAN'S JUDGMENT CHARGED ON LAND, NOT AVAILABLE ON APPEAL WHEN NOT WITHIN THEORY OF TRIAL. The claim that the judgment in an action by a remainderman to recover the amount of a legacy from the executor of the life tenant should have charged the legacy in the first instance upon land devised by the life tenant to third parties, in the improvement of which it had been expended, is not available on appeal, when the devisees were not made parties to the action and the case was not tried on that theory.          .

*Snider* v. *Snider*, 11 App. Div. 171, affirmed.

(Argued June 12, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 31, 1896, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. F. Seeger* and *Lewis Hasbrouck* for appellant.   The defendant claims that the limitation to Abraham Snider is repugnant to the interest vested in Michael G. Snider and is void.   It was the intention to give Michael. G. Snider the legacy for the term of his life with absolute power of disposal. (Brantley on Per. Prop. § 111; *Fullenwider* v. *Watson,* 113 Ind. 18; *Howard* v. *Carrisi,* 109 U. S. 725; *Davis* v. *Richardson,* 10 Yerg. 290; *Smith* v. *Bell,* 1 M. & Y. 302; *Campbell* v. *Beaumont,* 91 N. Y. 464; *Wager* v. *Wager,* 96 N. Y. 173; *Van Horne* v. *Campbell,* 100 N. Y. 287; *Crain* v. *Wright,* 114 N. Y. 307; *Trustees* v. *Kellogg,* 16 N. Y. 83; *Matter of Cager,* 111 N. Y. 343.) The remainder to Abraham was only intended to take effect in the event of Michael G. dying before the testator, his father.   (*Matter of N. Y., L. & W. R. Co.,* 105 N. Y. 89; *Van Derzee* v. *Slingerland,* 103 N. Y. 47; *Fowler* v. *Ingersoll,* 127 N. Y. 472; *Washbon* v. *Cope,* 144 N. Y. 297; *Benson* v. *Corbin,* 145 N. Y. 351; *Moore* v. *Lyons,* 25 Wend. 119.)   In consequence of the peculiar phraseology of the will and the relation of the legatees towards the testator, the limitations to the "heir or heirs" of Michael G. Snider was intended to include all who might take under the Statute of Distribution which, of course, would include the appellant, C. Louise Snider, widow of the primary legatee.   (*Norris* v. *Beyea,* 13 N. Y. 280; *Goodtitle* v. *Peyden,* 2 T. R. 270; *Porter* v. *Bradley,* 23 T. R. 143; *Luce* v. *Dunham,* 69 N. Y. 42; *Woodward* v. *James,* 115 N. Y. 358; *Knickerbacker* v. *Seymour,* 46 Barb. 198; *Dewey* v. *Goodenough,* 56 Barb. 54; *M. Ins. Co.* v. *Hinman,* 34 Barb. 410.)   If the plaintiff is entitled to the legacy upon the death of Michael G. Snider, without leaving children, Michael G. having invested the legacy in the farm devised by him to the two sons of the plaintiff, resort must be first had to the farm before calling upon the balance of the estate of Michael

G. (*Smith* v. *Van Ostrand*, 64 N. Y. 278.) The plaintiff is not entitled to interest upon the legacy prior to March, 1896, because there is no evidence of any demand prior to that month. (*Gilbert* v. *Taylor*, 148 N. Y. 299; *Matter of Trustees, etc.*, 137 N. Y. 98.)

*George R. Brewster* for respondent. The $2,500 in question was given to Michael G. Snider " to be held, used and enjoyed by him during his life." His right is, therefore, expressly limited to a life estate. The gift over to Abraham Snider, upon the death of Michael G. Snider " without issue," was a valid bequest. (*Norris* v. *Beyea*, 13 N. Y. 273; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Tyson* v. *Blake*, 22 N. Y. 558.) In the sentence " and upon his death to his heir or heirs if he have any," the words " heir or heirs" are equivalent to lawful issue. They do not include collateral heirs. This is evident from the next sentence: " Should he die without issue." (*Norris* v. *Beyea*, 13 N. Y. 273; *Bundy* v. *Bundy*, 38 N. Y. 410.) But if the words " heir or heirs " are to be taken literally, the result is the same, as the plaintiff is the only heir of Michael G. Snider. His wife is not an heir. (*Tillman* v. *Davis*, 95 N. Y. 17.) The intention of the testator to be ascertained from the will is to control. (*Mead* v. *Maben*, 131 N. Y. 255.) The $2,500 having been given to Michael G. Snider for life only, with remainder over to the plaintiff Abraham Snider, and the money having been actually received by him, he, the life tenant, was trustee of the money for the remainderman, and on the death of the life tenant, his estate became liable for the amount to the tenant in remainder. This action was, therefore, well brought. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Matter of McDougall*, 141 N. Y. 21.)

PARKER, Ch. J. This action was brought by Abraham Snider, individually and as executor of the last will and testament of his father, Michael Snider, to recover of the estate of his brother, Michael G. Snider, the sum of $2,500, received

by the latter under and by virtue of a provision of the will of Michael Snider, reading as follows : " I give and bequeath the sum of two thousand five hundred dollars to my son Michael G. Snider, to be paid to him by the executors of this my will, and to be held, used and enjoyed by him, my said son, during his life, and at his death to his heir or heirs, should he have any. Should he die without issue, I give and bequeath said sum of two thousand five hundred dollars to my son Abraham."

We agree with the learned Appellate Division that the gift to Michael was only of a life estate, the principal to go to Abraham upon the death of Michael without descendants, the term " his heir or heirs," in the connection in which it is used, meaning " heirs of his body," and we should have affirmed upon the opinion of that court but for the contention of the appellant that the amount of the legacy should have been charged in the first instance by the judgment upon the farm devised by Michael G. Snider to two of the sons of the plaintiff, resort being had to the rest of the estate for the collection only of such portion of the judgment as the proceeds of a sale of the farm should fail to satisfy. It does appear that Michael G. Snider invested the $2,500 in the farm referred to, which was of the value of between $10,000 and $13,000, but, notwithstanding these facts, the record does not permit this court to pass upon the question suggested.

The persons to whom Michael G. Snider devised the farm were not made parties to the action at the time of its commencement, nor were they subsequently brought in as they might have been. It is true, as the appellant urges, that they might have been made parties upon the application of the plaintiff, and it is also true that it was within the power of the trial court, upon its own motion, to bring them in by its order, and had the defendant directed the attention of the court to the matter, and it had then neglected or refused to bring them in, an exception taken thereto would have presented the question, whether it was the defendant's right, under the evidence, to have them brought in, to the end that

the rights of all the parties might be determined.   A careful examination of the record fails to disclose, in the voluminous and carefully prepared answer, in the objections taken, or in the statements addressed by counsel to the court, that it was then his claim that the farm should first be devoted to the payment of the amount of the legacy, and that in order to accomplish that result it was necessary that the devisees of the farm should be made parties.   On the contrary, when the defendant's counsel introduced the evidence relating to the farm and its value, objection was made to its introduction, and the court inquiring the purpose of it, counsel answered: " It is a defense; we say in our answer that there was an arrangement by which this matter was adjusted afterwards;" thereupon the objection was overruled and the answer permitted. Objections to other questions were interposed, and the court in overruling one of the objections said : " I will only permit it on the same line that there is to be some proof connecting it."   Thus we see that the case was not tried upon the theory that the legacy should be charged upon the real estate, in the improvement of which it was expended, and, hence, the case is well within the rule that on appeal a party must be held to the theory of his trial.   (*People ex rel. Warschauer* v. *Dalton, Commr., etc.*, 159 N. Y. 235; *Drucker* v. *Man. Ry. Co.*, 106 N. Y. 157; *Baird* v. *Mayor*, 96 N. Y. 567, 603; *Stapenhorst* v. *Wolff*, 65 N. Y. 596; *Home Ins. Co.* v. *Western Trans. Co.*, 51 N. Y. 93.)

This court is not, therefore, at liberty to pass upon the question pressed upon its attention, whether in equity the farm, in the improvement of which the legacy was invested, is primarily liable for its payment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.