CANNON v. FARGO.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. MASTER AND SERVANT (§ 192*)—INJURIES TO SERVANT—"EMERGENCY EMPLOYÉ"—FELLOW SERVANTS.

   Where one renders aid to the servant of another at the request of the servant and under circumstances which create a necessity for aid, the person rendering aid becomes an "emergency employé" of the servant's master, and, if he be injured through the servant's negligence in some detail of the work, he cannot recover against the master; the negligence being that of a fellow servant.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 379½, 380; Dec. Dig. § 192.*

   For other definitions, see Words and Phrases, vol. 3, pp. 2369–2377; vol. 8, p. 7649.]

2. APPEAL AND ERROR (§ 837*)—SCOPE OF REVIEW—MOTION TO DISMISS—EFFECT OF DECISION—EVIDENCE.

   Though a motion to dismiss at the close of plaintiff's case is improperly denied, plaintiff is entitled to the benefit of any proof offered by defendant supplying omissions or defects in plaintiff's case.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 837;* Trial, Cent. Dig. § 374.]

3. MASTER AND SERVANT (§ 192*)—INJURIES TO SERVANT—EMERGENCY EMPLOYÉ—FELLOW SERVANTS.

   Where it was part of the general duty of plaintiff, as a gate tender at a railroad station, to help get passenger trains off as quickly as possible, and in the performance of such duty plaintiff assisted an express messenger, who was under the sole employment and control of defendant express company and not of the railroad company by whom plaintiff was employed, to remove a heavy package from the express car, and in so doing was injured by the express messenger's negligence, plaintiff was neither a fellow servant of the express messenger, nor an emergency employé of the express company.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 379½, 380; Dec. Dig. § 192.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. APPEAL AND ERROR (§ 1169*)—REVERSAL—JUDGMENT NOT CONFORMING TO PLEADING AND PROOF.

    A judgment cannot be sustained on appeal as against an appropriate exception, unless it is according to the pleading and proof.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4531, 4538; Dec. Dig. § 1169.*]

5. MASTER AND SERVANT (§ 264*)—INJURIES TO SERVANT—ISSUES AND PROOF.

    Where, in an action for injuries to a gate tender employed by a railroad company against an express company for injuries sustained while plaintiff was assisting an express messenger in unloading a heavy package from the car, plaintiff pleaded that he was injured while assisting the messenger in unloading the package at the messenger's request, and that it was no part of his duty as gate tender to do so, a judgment in his favor against the express company could not be sustained by proof that his act was in furtherance of his duties to the railroad company to aid in the prompt despatch of passenger trains, and for this reason he was neither an emergency employé of the express company nor a fellow servant of the messenger.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 870, 875; Dec. Dig. § 264.*]

Appeal from Trial Term, Dutchess County.

Action by John Cannon against James C. Fargo, as president of the American Express Company. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Frank Hasbrouck, for appellant.

C. W. H. Arnold, for respondent.

CARR, J. The defendant appeals from a judgment, entered upon a verdict of a jury, for damages for personal injuries to the plaintiff. The rules of law involved in a proper determination of this appeal are not simple, or at least their application is not easy, because of the contentions put forth by the respective counsel. The plaintiff was a gate tender of the New York Central Railroad at the Staatsburg station. The defendant carried on a general express business, using for that purpose cars connected with the trains of the New York Central Railroad Company. The plaintiff was severely injured while assisting in the unloading from the express car of a heavy express package weighing 385 pounds. His claim against the defendant was based upon the supposed negligence of the express messenger, the defendant's employé, in handling the package. The defendant disputes the alleged negligence, and contends further that, assuming the negligence, the plaintiff and the express messenger were for the time being fellow servants, and hence the defendant was not liable. The plaintiff testified that it was not part of his duties as a gate tender for the railroad company to take any part in helping the defendant to unload its express packages at that station. His counsel insists very strongly on the same theory in his brief on this appeal. The plaintiff's story is that he undertook to assist in unloading the package in question upon the request of the express messenger, the defendant's employé. The negligence claimed consisted of an alleged failure on the part of the messen-

ger to warn the plaintiff of the weight of the package so that he might be ready for it, and the fact that the messenger practically pushed the package out of the car in such manner as to let it fall upon the plaintiff's leg. If it was no part of the plaintiff's duty to his general employer to assist in unloading this express package, then it would seem his participation in that act was either as a volunteer or as "an emergency employé" of this defendant. If he was but a volunteer, the defendant's liability to him is not clear. If he was an "emergency employé," then it may be hard to see how the judgment below can be upheld, for the negligence of the express messenger was that of a fellow servant. Perhaps there is no clear rule to distinguish always between a "volunteer" and an "emergency servant."

Where one renders aid to the servant of another at the request of the servant, and under circumstances which create a necessity for aid, it has been held that the person rendering aid becomes an emergency employé of the servant's master, and that, if he be injured through the negligence of the servant in some detail of the work, he cannot recover against the master, for the negligence is that of a fellow servant. Marks v. Rochester Railway Co., 41 App. Div. 66, 58 N. Y. Supp. 210. The cases on this subject are very few in this state, and not altogether harmonious. A conflict of authority prevails outside this state upon the same question. 26 Cyc. 1287. In some text-books the rule is stated to the effect that the person rendering aid under such circumstances does not become a servant to the extent of depriving him of a right of action against the master, but these statements have been criticised as not being sustained by the very authorities upon which they purport to be based. Marks v. Rochester Railway Co., ut supra. In the Marks Case the plaintiff was but a mere lad, who, at the request of a driver of a one-horse car, undertook to stand on the platform of a car which had got into difficulties and drive the horse, while the conductor remained on the other platform and operated the brake. The boy was injured by the negligence of the conductor, and it was held that while he was engaged in driving the horse he became an "emergency employé" and a fellow servant of the conductor, and could not recover against the master for the negligence of the conductor. In an earlier case in this state (Geibel v. Elwell, 19 App. Div. 285, 291, 46 N. Y. Supp. 76), a boy who happened to be upon a pier from which a brig was departing was requested to throw off the stern line of the brig from a spile on the pier. The request came from the mate of the brig, and, while the boy was endeavoring to do so, he was struck by the anchor of the brig, which, through the negligent handling of the brig, swept across the part of the dock where the boy stood. In an action to recover for the boy's injuries, his complaint was dismissed on the ground that he became an emergency fellow servant with the mate of the brig. On appeal, the decision was reversed; the court saying:

"We also regard, as without force, the argument that any negligence shown as against the master of the brig was that of fellow servants of the plaintiff, and that the complaint was rightly dismissed on that ground, because we can think of no legal principle that can be invoked which would make a boy like this plaintiff, who never had any relation with the master or his employés

beyond going to their assistance in an emergency, a fellow servant of those who created the emergency. There certainly was no express hiring, and the mere gratuitous rendering of such a service did not impliedly create as between the plaintiff and those on the brig the relation of fellow servants."

It should be noted, however, that the portion of the opinion just quoted was not necessary to the decision, because that court had also held that, if the position in which the boy was placed was one of inherent danger of which the boy was ignorant, it would have been negligence to have put him there without a warning, and such questions were for the jury, whether the lad was an "emergency employé" or not, for this was a part of the master's duty to a lad of tender years and no experience.

Another phase of the same question was before this court quite recently in Fiesel v. New York Edison Co., 123 App. Div. 676, 108 N. Y. Supp. 130, in which the rule was declared as follows:

"An emergency employé, called on by another employé to assist him, for however short a time, becomes a fellow servant, and subject to the rules of law applicable to the injury of a servant by his fellow. But he must be so called on as of necessity in order to make him an employé, for a servant has no authority to call on another to help him in his master's business as of necessity unless the necessity exists. If he can do the work himself, there is no occasion of necessity to imply power in him to employ assistance."

In the case at bar the work of the express messenger was to unload a package weighing 385 pounds, and the necessity of securing aid was apparent. At the close of the plaintiff's case at the trial, a motion was made to dismiss on various grounds, including a specified one that the negligence of the express agent was that of a fellow servant. The appellant now claims that the denial of this motion was error, and that his exception thereto presents a controlling reason for reversal. The same motion was renewed at the close of the whole case and denied, and an exception taken to the denial. Assuming that the motion to dismiss at the close of the plaintiff's case was denied improperly, yet, if any defect in the plaintiff's proof was thereafter supplied by the defendant, such evidence may be considered to affirm the judgment. Commercial Bank of Keokuk v. Pfeiffer, 108 N. Y. 242, 252, 15 N. E. 311; Painton v. Northern Cent. Railway Co., 83 N. Y. 7; Tiffany v. St. John, 65 N. Y. 314, 317, 22 Am. Rep. 612.

As a part of its proof in defense, the defendant called the station master, who was in the common employment of itself and the railroad company. This witness (Sheridan) testified on his direct examination that the duty of the plaintiff to his general master, the railroad company, required the plaintiff "to help get passenger trains off as quickly as possible without delay" (the train in question was a passenger train), and that the plaintiff commonly helped at such trains when they were at the station and was so doing at the time of the accident. What the defendant's purpose was in offering such proof is not intelligible; for, if the plaintiff was engaged in the discharge of his duty to his general master in assisting in unloading the express package in order that the train might haul out of the station without delay, then he was scarcely an emergency employé of the express company in carrying out his general master's purpose. Assuming the fact as proved by the defend-

ant, the plaintiff at the time of the accident was doing the work of the railroad company, and, as such, was not a fellow servant of the express company. The fact that the servants of both companies were engaged in working for a common end does not make them necessarily fellow servants, for each set of servants were carrying out respectively the shares of their separate masters for the common end. Murray v. Dwight, 161 N. Y. 301, 55 N. E. 901, 48 L. R. A. 673; Henry v. Stanley Hod Elevator Co., 129 App. Div. 613, 114 N. Y. Supp. 38; Sanford v. Standard Oil Co., 118 N. Y. 571, 24 N. E. 313, 16 Am. St. Rep. 787; Johnson v. Netherlands, etc., Co., 132 N. Y. 576, 30 N. E. 505. It is true that there are many cases which hold that on appeal the parties must be held to the theory on which the trial was conducted. Snider v. Snider, 160 N. Y. 151, 54 N. E. 676; People v. Dalton, 159 N. Y. 235, 53 N. E. 1113; Drucker v. Manhattan Railway Co., 106 N. Y. 157, 12 N. E. 568, 60 Am. Rep. 437. These are all of them cases where an appellant was held not entitled to urge on appeal for the reversal of a judgment a theory of the action which he had not urged at the trial. At the same time, it is well-settled law that a judgment must be secundum allegata et probata, or it cannot be upheld on appeal, in the face of an appropriate exception. Southwick v. First National Bank, 84 N. Y. 420; Rowe v. Gerry, 86 App. Div. 349, 83 N. Y. Supp. 740; Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812.

In the case at bar the plaintiff pleaded and gave proof of a cause of action upon which he was not entitled to recover against the defendant. Both in his complaint and in his bill of particulars he set forth that the accident happened while he was assisting the defendant on its request. By his proof he contended that such assistance was not a part of any duty devolved upon him by his general master, the railroad company. This was the issue tendered by him to the defendant. The proof offered by the defendant as to the duties of the plaintiff in helping to unload the package in question did not supply any defect or omission in the plaintiff's proof, but rather was hostile to it on this precise question of duty. The case presented on this appeal amounts practically to this situation: The plaintiff's pleadings and proofs failed to establish a cause of action; the defendant moved to dismiss by a motion appropriately setting forth the plaintiff's failure to make out a cause of action, which motion being denied it proceeded to offer proof which, if accepted entirely, would absolve it from liability, but a part of which being accepted, and the remainder disregarded, would have made out a cause of action in the plaintiff's favor, provided, also, a part of the plaintiff's proof be disregarded and certain allegations in his complaint ignored or shorn of their ordinary meaning.

We think that a judgment thus obtained should not be upheld.

Judgment reversed and a new trial granted, costs to abide the event. All concur.