CANNON v. FARGO.

(Supreme Court, Appellate Division, Second Department.  November 10, 1911.)

MASTER AND SERVANT (§ 279*)—INJURIES—ACTIONS—EVIDENCE.

    In an action by a railroad gateman, injured through the negligence of an express messenger, whom he was helping to unload an express car, evidence *held* not to warrant a finding, either that it was part of the gateman's duty to assist the messenger, or that he had been ordered to do so; and hence, the expressman having requested the assistance, the gateman could not recover, being an emergency servant, so that the negligence was that of a fellow servant.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 279.*]

Appeal from Trial Term, Dutchess County.

Action by John Cannon against James C. Fargo, as president of the American Express Company.  From a judgment for plaintiff, and an order denying his motion for new trial, defendant appeals.  Reversed and remanded.

See, also, 138 App. Div. 20, 122 N. Y. Supp. 576.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Frank Hasbrouck, for appellant.
Harry Arnold, for respondent.

BURR, J.   On the 31st day of October, 1908, plaintiff was in the employ of the New York Central & Hudson River Railroad Company as a gate tender at the public crossing near the station at Staatsburg, in Dutchess county.  While he was assisting in removing an express package from a car under the control and in possession of defendant, the package fell, and he was injured.  There was a sharp conflict of evidence whether such fall was due to the negligence of Messick, the express messenger and defendant's employé.  Assuming, for the sake of the argument that it was, the question remains whether defendant is then liable.

Upon a previous appeal plaintiff contended that it was no part of the duty which he owed to the railroad company to assist in removing the express packages of defendant.  We then said, in reversing a judgment in plaintiff's favor:

    "Where one renders aid to the servant of another at the request of the servant, and under circumstances which create a necessity for aid, it has been held that the person rendering aid becomes an emergency employé of the servant's master, and that, if he be injured through the negligence of

the servant in some detail of the work, he cannot recover against the master, for the negligence is that of a fellow servant." Cannon v. Fargo, 138 App. Div. 20, 122 N. Y. Supp. 576.

Upon the present trial a bold attempt was made to alter plaintiff's complaint, bill of particulars, and evidence, in order to overcome the obstacle to recovery pointed out in the previous opinion. In his original complaint plaintiff alleged that he was "requested by said defendant at said time to assist in the removal of merchandise from said car," and that he was injured while assisting "in the removal of such merchandise pursuant to such request." In his amended complaint he omits the allegations above set forth, and alleges that he is "informed and believes that it was a part of his duty as said gate tender for the New York Central & Hudson River Railroad to assist in removing express matter from said car." In his original bill of particulars he states that the request to assist in removing said express matter came from the defendant, "its servant, agent and employé. at Staatsburg station." In the amended bill the words in quotation marks were omitted, and there were substituted therefor the words, "and that it was a part of the duty of the plaintiff herein, as gate tender for the New York Central & Hudson River Railroad Company, to assist in removing express matter from the said express car."

Plaintiff's evidence fails to establish this. He admitted that on the previous trial he had testified that under his employment by the railroad company he had nothing to do except to attend to the gate, had no other duties, and that under such employment he had no connection with reference to any work on the express car. He also then testified that, although on several occasions, while doing duty as gate tender, he had been called upon to assist by the express agent at Staatsburg, it was no part of his duty. He admitted, also, that he then testified that, when hired, he received no instructions to assist in handling of baggage and freight so the trains would not be delayed, that he was never informed by any one connected with the railroad company that he was expected to go and help with the baggage and express matter, and that he did not understand that it was a part of his duty there. Upon this trial he testified that it was his duty "to lower and raise the gates as trains came and went," and that he "had been called by the agent [of the express company] on several occasions to work for the express company," and that he "helped whenever he requested me on the express work." He did testify that he *thought* it was part of his duty to his employer to assist with the express work. But he fails to introduce any evidence that there was an agreement between the railroad company and the express company to that effect, or that such service was included in the terms of his hiring, or that there were any rules of the railroad company requiring him so to act, or that any of his superior officers informed him that such service was expected of him. His whole "thought" that it was part of his duty seems to have been based upon a remark made by a witness called by the defendant upon the previous trial, one Patrick Sheridan.

Sheridan was the general agent at Staatsburg, both of the New York Central & Hudson River Railroad Company and the American

Express Company, the defendant. Upon the previous trial he swore that it was part of plaintiff's duty, when requested, not only to attend the gate, but to assist in the removal of express packages. Plaintiff admits that he did not know this, and it is perfectly clear that when he went to assist Messick, the express messenger, he did not suppose that he was going otherwise than voluntarily, or from a desire to accommodate him and to render him assistance. But Sheridan's testimony is uncontradicted that he based the conclusion to which he testified, not upon any rules of the railroad company, nor by reason of any express authority conferred upon him to require such service, but because he assumed that "any railroad man's duty" is to assist the expressman. No fact is proven sustaining such assumption. In the absence of evidence to the contrary, the court may assume that it is *not* the duty of the engineer, or the fireman, or the ticket agent, or the telegraph operator, all of whom are "railroad men," to assist in handling express packages.

The evidence as to plaintiff's "duty" is too meager to sustain a verdict. But even if the evidence, meager as it is, would warrant the submission to the jury of the question whether it was part of plaintiff's duty as a gateman, if requested by one of his superior officers in the employ of the railroad company, to render assistance to the express messenger, it affirmatively appears that on this occasion no such request or command was given by Sheridan, his superior, or by any other railroad employé. Nor were any general instructions given of such a character.

We think, therefore, in obedience to the rule previously laid down in this case, plaintiff should have been nonsuited. If we are right in this conclusion, it is unnecessary to consider the other exceptions in the case, or to determine whether that portion of the charge of the trial justice which contrasted his personal views of the law of this case with those of "the learned men whose duty it is to investigate these cases and analyze them and reason them out" was calculated to weaken in the minds of the jury the force of the rule previously stated by this court, and which, if applied in this case, would have exonerated defendant.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.