JOSEPH FERMO, Appellant, v. MANUFACTURERS TRUST CO., Respondent.

Plaintiff, an employee of the subcontractor, testified that while installing air-conditioning ducts on the ceiling of defendant's bank at Havemeyer Street in Brooklyn, on Saturday, May 25, 1957, the ladder which he had brought from his employer's shop became unsteady. He asked the only bank employee present, one Frank Fornino, who was employed by defendant as a "receptionist-guard", if there was a ladder about that he might use. Plaintiff asserted that the guard authorized him to use a ladder, assuring him that it was "sturdy." With the guard holding the ladder, plaintiff mounted it when it collapsed causing him to fall and sustain injuries. In our opinion, giving plaintiff every favorable inference which may reasonably be drawn from the facts (*Bryant* v. *Presbyterian Hosp. in City of N. Y.*, 304 N. Y. 538, 541), a question of fact was raised as to whether the guard acted within the scope of his employment. Although Mr. Fornino was regularly employed by the bank from Monday through Friday as a "receptionist-guard," he was instructed by his employer to report to work on Saturday to open and close the bank for the men who would come to install the air-conditioning ducts. Plaintiff introduced testimony by the bank manager and by the guard that, on the date in question, the guard was in charge of the bank's property. There is testimony by the guard that he had used the ladder on other occasions. There is also testimony that the ladder had been furnished to an independent contractor in order to remove and hang draperies on a prior occasion. In our opinion, a factual issue was thus raised whether the guard had discretion to act either upon the reasonable requests of the workmen or in the event that a difficulty or emergency arose (*Rounds* v. *Delaware, Lackawanna & Western R. R. Co.*, 64 N. Y. 129, 134; *Osipoff* v. *City of New York*, 286 N. Y. 422, 427; *Manguso* v. *Thirty-Third Equities*, 286 App. Div. 70; cf. 1 Restatement, Agency 2d, § 228, p. 505 comment *d*). Beldock, P. J., Hill and Hopkins, JJ., concur; Ughetta and Rabin, JJ., dissent and vote to affirm the judgment dismissing the complaint, with the following memorandum: The proof in this case consists essentially of evidence that when plaintiff and another mechanic arrived they brought with them their employer's stepladders; that some of the ducts to be installed were already on the premises; and that the rest were delivered on the morning of the accident.

This evidence supports the inference that it was the duty of plaintiff's employer to supply the installation equipment (of which a ladder was an intrinsic part), as well as to use the prefabricated materials on the job. This evidence also negates the inference that the defendant bank had any duty in connection therewith. The plaintiff's employer, a sheet metal subcontractor, in turn had a contract with an air-conditioning corporation (the general contractor) to install the ducts which the latter corporation had agreed to furnish to the defendant bank. Under all the circumstances, there was no duty on the part of the defendant bank to furnish either a safe place to work or equipment for the subcontractor's employees (*Gambella* v. *Johnson & Sons*, 285 App. Div. 580). The purported assurance of safety by the bank's guard in furnishing the ladder on which plaintiff was injured was not an act within the authorized scope of the guard's duties (*Seifert* v. *Socony-Vacuum Oil Co.*, 1 A D 2d 957). When gratuitously offering the ladder to help plaintiff, the guard was an employee who went "to the aid of the plaintiff, upon his request, to help in the work" belonging to the plaintiff's master, and thereby departed from the scope of his own duties (*Murray* v. *O'Brien Bros.*, 227 App. Div. 43, 45). At that point, the guard became a volunteer or plaintiff's fellow servant (*Cannon* v. *Fargo*, 138 App. Div. 20, 21–22). In the *Cannon* case (*supra*), it was said: "Where one renders aid to the servant of another at the request of the servant, and under circumstances which create a necessity for aid, it has been held that the person rendering aid becomes an emergency employee of the servant's master".