William H. R. Sanford, Respondent, *v.* The Standard Oil Company of New York, Appellant.

In an action to recover damages for personal injuries alleged to have been received by plaintiff through the negligence of one of defendant's servants, it appeared that plaintiff was an employe of D. & C., a firm of stevedores who had engaged to load a ship with barrels of petroleum, which were in. the store-house and on the dock of defendant; the latter contracted to furnish the steam engine and apparatus for hoisting and lowering the barrels and necessary men to run and manage it. D. & C. furnished the men to stow away the cargo. Plaintiff's duty was to stand at the gang-way and signal to G., defendant's employe, who managed the hoisting and lowering of the barrels. Plaintiff's evidence was to the effect that G. raised a barrel from the dock without any signal, which while plaintiff's attention was engaged in the performance of another duty, swung against him, knocking him into the hold of the vessel causing the injury complained of. The court instructed the jury that G. was defendant's servant, and for any negligence on his part it was responsible as his master. *Held*, no error; that G. and plaintiff were not co-servants but servants of different masters.

(Argued January 28, 1890; decided February 25, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought by the plaintiff to recover damages for personal injury alleged to have been received by him through the negligence of one Gebhard, a servant of the defendant.

The plaintiff was an employe of a firm of stevedores, Dick & Churchill, who had engaged with the master of the ship "Austria" to load it with barrels of petroleum which were in the store-house and upon the dock of the defendant at Weehawken, in the state of New Jersey.

The defendant possessing and owning the dock and store-house in which the barrels of petroleum were stored and from which they were to be loaded, also owned a steam engine and apparatus which was employed in loading vessels. D. contracted with Dick & Churchill to furnish the power and necessary men to run and manage it, to load the vessel. The man Gebhard had been in defendant's employment for several years; he was generally employed in other service, but owing to a strike, which deprived the defendant of the servant who usually superintended the hoisting and lowering, that duty on this occasion was assigned to Gebhard.

The stevedores furnished men to stow the cargo, and another man, who was the plaintiff in this case, to stand at the gangway and to signal (by the use of a whistle) the man who had charge of the hoisting and lowering part of the operation of loading the vessel. The theory of the plaintiff is that Gebhard, who managed the hoisting and lowering of the barrels from the dock up the sides of the vessel upon a skid and so over the hold into which it was to be loaded, raised a barrel from the dock without any signal, and after he had said to the gangman that it was dinner time, and he would raise no more before dinner, and while plaintiff, the gang-man, supposing that no more was to be done until after dinner in accordance with the statement made by said Gebhard, and while his attention was directed to calling the men from the hold to dinner, the barrel swung against him and knocked him into the hold of the vessel, by which he received the injuries complained of.

The court instructed the jury that Gebhard was the servant·
of the defendant, and that for any negligence which he com--
mitted in hoisting or lowering the barrels in the operating the·
drum, the defendant is responsible as his master.

The only question discussed, and conceded upon the trial to·
be the only one in the case, was whether Gebhard and plain-
tiff were co-servants, or whether they were servants of different
masters.

*John Brooks Leavitt* for appellant.   The exception to the
denial of the motion to dismiss the complaint and the excep-
tions to the charge that Gebhard, the drum-man, was defend-
ant's servant, and that it was liable for his negligence in
operating the drum were well taken. (*King* v. *N. Y. C. & H.
R. R. R. Co.*, 66 N. Y. 181; *B. C. Co.* v. *Reid*, 3 Macq., 266,
283; *Stringham* v. *Hilton*, 111 N. Y. 188; *Johnson* v.
*City of Boston*, 118 Mass. 114; *Ewan* v. *Lippencott*,.
47 N. J. L. 494; *Olive* v. *W. M. Co.*, 103 N. Y. 300;.
McDonald on Master and Servant, 46.)   Where a servant in
the general employ of one master is by him placed temporarily
under the orders of another, to do the latter's work, the
servant of the latter, and the servant so placed to work with
him, are fellow servants in that work, and neither master is
liable for the damages resulting to one of those servants from
the negligence of the other while performing the same.
(*Rourke* v. *W. M. C. Co.*, L. R. [2 C. P. Div.] 205; *Coyle* v.
*Pierpont*, 33 Hun, 311; *Burke* v. *DeCastro*, 11 id. 354;
*Winterbottom* v. *Wright*, 10 M. & W. 109; *Murray* v. *Currie*,
L. R. [6 C. P.] 24; *The Harold*, 21 Fed. Rep. 428; *The
Islands*, 28 id. 478; *I. C. R. R. Co.* v. *Cox*, 21 Ill. 20; *Ewan*
v. *Lippencott*, 47 N. J. L. 494; *Johnson* v. *City of Boston*, 118
Mass. 114; *Svenson* v. *A. M. S. S. Co.*, 57 N. Y. 108; *Abram*
v. *Reynolds*, 5 H. & N. 142.)   The drum-man was not at the
time of the accident using the drum in defendant's business.
(*Morris* v. *Brown*, 111 N. Y. 328; *Bushby* v. *N. Y., L. E.
& W. R. R. Co.*, 107 id. 374.)

*Abel E. Blackmar* for respondent. The man Gebhard, whose negligence injured plaintiff, was the servant of the defendant, and defendant was responsible for his negligence. (*Quarman* v. *Burnett*, 6 M. W. 499 ; *Gerlach* v. *Edelmeyer*, 15 J. & S. 292; 88 N. Y. 645 ; *Coyle* v. *Pierrepont*, 37 Hun, 379 ; *Michael* v. *Stanton*, 3 id. 463 ; *Stewart* v. *Harvard College*, 12 Allen, 58 ; *Crockett* v. *Calvert*, 8 Ind. 127 ; *Sammett* v. *Wright*, 5 Esp. 163 ; *Holmes* v. *Onion*, 2 C. B. [N. S.] 789 ; *Dalzell* v. *Tyrer*, E., B. & E. 899 ; *Sproul* v. *Hemingway*, 14 Pick. 1 ; *Weyant* v. *N. Y. C. R. R. Co.*, 3 Duer, 360.) The rule that a master is not responsible to one servant for the negligence of another, is only applicable in cases where the servant sues his own master, and, therefore, is not applicable to this case. (*Smith* v. *R. R. Co.*, 19 N. Y. 132 ; *Young* v. *N. Y. C. R. R. Co.*, 30 Barb. 229 ; *Gerlach* v. *Edelmeyer*, 15 J. & S. 292; 88 N. Y. 645 ; *Svenson* v. *A. M. S. S. Co.*, 57 id. 108; *Abraham* v. *Reynolds*, 5 H. & N. 142 ; *Burke* v. *N. & W. R. R. Co.*, 34 Conn. 124 ; *Svenson* v. *N. E. R. Co.*, L. R. [3 Exch. Div.] 341 ; *Harold* v. *N. Y. C. R. R. Co.*, 13 Daly, 89; Thompson on Negligence, 1040, 1041 ; *Sullivan* v. *T. R. R. Co.*, 44 Hun, 304 ; *Warburton* v. *G. W. R. Co.*, L. R. [2 Exch.] 30 ; *Thomas* v. *Winchester*, 6 N. Y. 397 ; *Farrent* v. *Barnes*, 11 C. B. [N. S.] 553 ; *Farwell* v. *B. & W. R. R. Co.*, 4 Metc. 49.)

POTTER, J. I entirely agree with the charge of the trial court that they were servants of different masters. That the man who gave the signal was the servant of the stevedores Dick & Churchill, and that the man who directed the hoisting and lowering was the servant of the defendant, and that, therefore, upon well-settled principles of law, the defendant is liable for the neglect of Gebhard, the man at the drum.

The authorities cited upon the brief of counsel warrant the instruction of the judge to the jury in that regard, and especially the case cited by respondent's counsel and to be found in *Sullivan* v. *Tioga Railroad Company*, 44 Hun, 304, which I consider a clear and able exposition of the law which is to

govern the decision of cases of this character. That case was affirmed by the Court of Appeals in 112 N. Y. 643.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.