JOHNSON v. NETHERLANDS AMER. STEAM NAV. CO.

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

MASTER AND SERVANT—NEGLIGENCE OF FELLOW-SERVANTS.

Plaintiff was employed by a stevedore hired by defendant to unload its vessel. Defendant furnished the power and the men to apply the power. While the cargo was being hoisted the rope slipped out of the drum of the winch, and plaintiff endeavored to disentangle it, and at the proper time gave the word to the men at the winch to "come back," but instead of that the winch went forward, and plaintiff's fingers were caught between the rope and the drum, and he was injured. *Held*, that defendant was liable.

Appeal from circuit court, Kings county.

Action by Frank Johnson against the Netherlands American Steam Navigation Company, to recover for personal injuries alleged to have been sustained through the negligence of defendant while plaintiff was assisting to unload its vessel. Plaintiff was a longshore-man, and was employed by one Lithman, a stevedore, who had a contract with defendant for the discharge of the cargo. The court charged that the winch-man was the servant of defendant, and that the defendant was responsible for his negligence. Also that plaintiff did not take the risk of the negligence of the winch-man. The court refused defendant's request for a charge that, if the work of discharging was being done by Lithman as an independent contractor, he having charge of all the men engaged in it, defendant was not liable. There was a verdict for plaintiff for $700. From the judgment entered thereon defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wing, Shoudy & Putnam,* for appellant. *Charles J. Patterson,* for respondent.

BARNARD, P. J. The facts of this case are very simple. The company hired a stevedore to unload its vessel. The company was to furnish the power and the men to apply the power. The vessel was unloaded by a rope which passed around a steam-winch, and thereby the burden was lifted from the hold of the vessel and deposited on the dock. On the occasion of the accident the rope slipped out of the drum of the winch, and became useless to couple the elevator of the particular burden upon the rope or fall. The plaintiff, who was an employe of the stevedore, endeavored to disentangle the rope when it became slackened by reason of a reversal of the winch. The plaintiff held the rope on the axle of the winch so as to get it on the winch when the tangle was removed. At the proper time the plaintiff gave word to the men at the winch to come back. The process would have remedied the difficulty, but the order was not heeded, and the winch went forward, the effect of which was to wind more rope on the drum instead of freeing it from the disarranged coils. The motion forward caused more rope to suddenly wind on the drum, and the plaintiff's fingers were caught and drawn between the rope and drum, and he was injured. The man at the winch was the servant of the defendant. *Sanford* v. *Standard Oil Co.*, 118 N. Y. 571, 24 N. E. Rep. 313; *Kilroy* v. *Canal Co.*, (court of appeals, April, 1890,) 24 N. E. Rep. 192. The question of fact having been settled by the jury, the case must be decided upon the evidence of the witnesses, who support the verdict. The judgment should be affirmed, with costs. All concur.