(11 Misc. Rep. 537.)

### KRULDER v. WOOLVERTON.

(Superior Court of New York City, General Term. March 4, 1895.)

NEGLIGENCE—QUESTION FOR JURY.

While plaintiff's intestate was at work on a ladder 16 feet high, putting up shades under a skylight in a depot, an employé of defendant transfer company ran a truck loaded with baggage against the ladder, and caused plaintiff's intestate to fall. *Held*, that the questions of negligence and contributory negligence were properly submitted to the jury.

Appeal from jury term.

Action by Mary G. Krulder as administratrix of Cornelius Krulder, deceased, against William H. Woolverton, as president of the New York Transfer Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying the motion for new trial, defendant appeals. Affirmed.

For former report, see 29 N. Y. Supp. 696.

Argued before SEDGWICK, C. J., and McADAM and BEEKMAN, JJ.

John L. Hill, for appellant.

Edgar Whitlock, for respondent.

McADAM, J. The action is founded on the statute to recover for injuries sustained by the plaintiff's husband, resulting in his death, by reason of the negligent act of one Reilly, the defendant's servant. The plaintiff's intestate, Cornelius Krulder, on June 15, 1891, was at work on a ladder 16 feet high, putting up shades, under a horizontal skylight in the ferry house of the New Jersey Central Railroad, at the foot of Liberty street, this city, when Reilly wheeled a loaded baggage truck against the ladder on which deceased was standing, by reason of which he was upset, and thrown to the ground, receiving injuries from which he died. The deceased was where he had a legal right to be. His work called him there, and no accident would have happened if the defendant's employé had not run against the ladder. Even if Krulder had reason to believe that persons with baggage trucks would pass and repass, he had a right to act on the assumption that they would exercise at least ordinary care, and thus avoid doing him damage. Newson v. Railroad Co., 29 N. Y. 383–390; German v. Rapid Transit Co. (Com. Pl. N. Y.) 13 N. Y. Supp. 897, affirmed 128 N. Y. 681, 29 N. E. 149; and cases collated in Shear. & R. Neg. (4th Ed.) § 92. In no phase of the case can it be held that the decedent was guilty of contributory negligence per se, for that term implies some active cause which co-operates in bringing about the injury, and here the damage seems to have resulted exclusively from the carelessness of the defendant's servant. If plaintiff's intestate had fallen from the ladder, or it had toppled over by reason

of his weight or movements while upon it, negligence per se might have been imputed to him. Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56. But such is not the case. He was apparently secure upon the structure, and, for all that appears, would have finished his work in safety, if Reilly had not, by running his truck as he did, precipitated him to the ground.

Where the question of negligence is connected with a disputed state of facts, or facts from which, if not disputed, different minds may honestly draw different conclusions, the whole matter must be left to the jury; and to warrant the court in withholding the case from the jury, or instructing them that the plaintiff is guilty of contributory negligence, the evidence must be such as to allow no other inference to be drawn therefrom. Wells, Law & F. § 265; Lee v. Gaslight Co., 98 N. Y. 115; Chisholm v. State, 141 N. Y. 246, 36 N. E. 184; Greany v. Railroad Co., 101 N. Y. 419, 5 N. E. 425; Feeney v. Railroad Co., 116 N. Y. 375, 22 N. E. 402; Stackus v. Railroad Co., 79 N. Y. 464; Beach, Contrib. Neg. § 33. This is not a case which could have been withheld from the consideration of the jury under the rule stated. The questions of the negligence of the defendant's employé, on the one hand, and freedom from fault of the decedent on the other, were, therefore, properly left to the jury, and were submitted to them under a clear and impartial charge; and they found adversely to the defendant on both propositions. These findings, amply sustained by the evidence, may, therefore, be regarded as conclusively establishing the facts to be as found by the verdict.

The point urged by the defendant in the request to charge that the accident was occasioned by the act or omission of a fellow servant is founded on a mistaken theory. It is argued that the neglect imputed was the failure of one Wertz to notify Reilly of Krulder's presence on the ladder, or in diverting Reilly's attention from Krulder. This point needs no other answer than a reference to the fact that Reilly was distinctively in the employ of the defendant, while Wertz was an employé of the New Jersey Central Railroad, and the decedent a workman of one Carpenter. Employés are not fellow servants unless they are all under the control and direction of a common master. Shear. & R. Neg. (4th Ed.) § 229, and cases cited; Svenson v. Steamship Co., 57 N. Y. 108; Sanford v. Oil Co., 118 N. Y. 571, 24 N. E. 313.

The deceased, at the time of his death, was 39 years of age, in sound health, sober, and industrious, earning on an average $15 per week. His wife was seven years younger. No immutable guide for estimating and measuring damages under the statute has as yet been declared. Much must necessarily be left to the good sense and intelligence of the jury; and the elements presented were sufficient to warrant their awarding the full statutory amount of $5,000, the extent of the recovery here. Lockwood v. Railroad Co., 98 N. Y. 523; Bierbauer v. Railroad Co., 15 Hun, 559, affirmed 77 N. Y. 588; Houghkirk v. Canal Co., 92 N. Y. 219. We find no error in the rulings, and the judgment and order appealed from must be affirmed, with costs. All concur.