(68 App. Div. 167.)

## DE MAIO v. STANDARD OIL CO.

(Supreme Court, Appellate Division, Second Department.   January 17, 1902.)

1. CORPORATIONS—ACTIONS—PROOF OF IDENTITY—ADMISSIONS IN PLEADINGS.

   Where a complaint alleged that defendant was a foreign corporation, giving its name, and this allegation was expressly admitted by the answer, which was signed by counsel as "defendant's attorney," and the verification of the answer was made by affiant as "an officer of the defendant corporation," the contention that the identity of the corporation was not proved was untenable.

2. INJURIES TO EMPLOYE—ASSUMPTION OF RISK—JURY QUESTION.

   Where plaintiff, who was employed in loading a vessel, was injured by a truck falling on him, and it appeared that the, steam power used in hoisting the trucks was furnished by defendant, and the man operating it was employed by it, and that this man negligently permitted the load to descend without the usual whistle from a servant of the stevedores stationed for that purpose, thus injuring plaintiff, the question as to whether the risk was obvious and incidental to the employment was for the jury.

3. SAME—NEGLIGENCE—JURY QUESTION.

   Whether the evidence showed any negligence on the part of defendant was for the jury.

4. CONFLICT OF LAWS—PRESUMPTION—PROOF—CITATION OF AUTHORITY.

   Under Code Civ. Proc. § 942, providing that the common law of another state may be proved as a fact by oral evidence, or by books and reports of cases adjudged in the courts of such other state, a mere statement by counsel, made on the argument of a motion to dismiss, that the court should be governed by the laws of another state as set forth in an authority of the supreme court of such state cited by counsel is insufficient to rebut the presumption that the common law of such other state is the same as that of New York.

Appeal from trial term, Kings county.

Action by Michelo De Maio against the Standard Oil Company. From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles W. Fuller (Jesse Fuller, Jr., on the brief), for appellant.
Frederick E. Crane, for respondent.

GOODRICH, P. J.   The plaintiff was in the employ of Trecartin & Turner, stevedores, who were loading a vessel at Bayonne, N. J.   After the loading was completed, the men were hoisting trucks out of the vessel, when one of the trucks fell upon and injured the plaintiff.   The evidence was sufficient to show that the steam power used in hoisting and the man engaged in operating it were furnished and employed by the Standard Oil Company, and that this man negligently permitted the load to descend without the usual signal of a whistle from a servant of Trecartin & Turner, stationed for that purpose.   There is no evidence to contradict the negligence of the person operating the power.   At the close of the plaintiff's evidence the defendant moved to dismiss the complaint on the following grounds:

"First. That the identity of the corporation sued has not been proved, or that the man they say was in the employ of the oil company was employed by this defendant.   Second. That the employment was of such a character that there was risk in it, and that the risk was obvious, and incidental to. the employment.   Third. That they have failed to prove any negligence on

the part of anybody. There should have been more affirmative proof of negligence—some affirmative proof of negligence—in an action of this kind. In a suit brought under these circumstances, res ipsa loquitur does not apply. The happening of the accident is not enough to charge this defendant with negligence. On the further ground that under the decisions in the state of New Jersey, where this accident happened, as appears by the evidence, the servant in handling this drum was a co-servant with the stevedore,—pro hac vice, as the court says in the case against the Delaware, Lackawanna & Western Railroad Company, affirmed by the court of errors and appeals. I will read the syllabus, and hand the book for your honor to read."

The court denied the motion, and Mr. Fuller, the counsel who was trying the action on behalf of the defendant, testified:

"I am an attorney for the Standard Oil Company of New Jersey. Q. Is there a Standard Oil Company of New York? * * * A. There is. Q. Is that a separate company from the company in New Jersey? * * * A. It is." Cross-examination by Mr. Crane: "The Standard Oil Company of New Jersey has its main office in Bayonne. The officers for both companies are not the same. I do not know whether or not the Standard Oil Company in Pennsylvania and all the states is operated, owned, and controlled by the same people. I do not think it is a fact that the people who compose the company—the Standard Oil Company, as it is generally known—are the same in all the states. I don't know."

The defendant's counsel then moved for the direction of a verdict, "as no action has been made out against the defendant in the case. No negligence has been proven anywhere by which a verdict against this defendant could be sustained."

The first ground of the motion is technical in the extreme, and is clearly untenable. The complaint alleged that the defendant was a foreign corporation existing under the laws of New Jersey, and this allegation was expressly admitted by the answer, which is signed, "S. C. T. Dodd, Defendant's Attorney;" and the verification, by Mr. Clark, states "that he is an officer of the defendant corporation." The defendant named is Standard Oil Company, and not the Standard Oil Company of New York, or the Standard Oil Company of New Jersey. We must assume that Standard Oil Company is a separate entity from either of the companies referred to. The judgment is against Standard Oil Company, and not against a corporation known by either of the titles referred to. We are not concerned with the question as to the liability of any corporation other than the defendant Standard Oil Company.

The liability of the defendant corporation under the facts proved was recognized in Sanford v. Oil Co., 118 N. Y. 571, 24 N. E. 313, 16 Am. St. Rep. 787, and the court properly submitted to the jury the questions raised by the second and third grounds of the motion to dismiss.

The last ground of the motion is certainly peculiar. There was no allegation in the answer that the law of New Jersey was different from the law of this state, or that the cause of action was governed thereby. The defendant's counsel offered no evidence upon the subject of a difference in the decisions of the two states, as he might have done under section 942 of the Code of Civil Procedure, which provides that "the unwritten or common law of another state, * * * may be proved, as a fact, by oral evidence. The books and reports

of cases, adjudged in the courts thereof, must also be admitted, as presumptive evidence of the unwritten or common law thereof." He made a statement to that effect in his motion, and cited an authority of the highest court of New Jersey; but the decision had not been and was not offered in evidence. The presumption is that the common law of New Jersey is the same as the common law of this state, and the presumption can only be rebutted by evidence of a difference. No such evidence was offered. The citation of an authority in New Jersey on the argument of the motion for a dismissal was not an offer thereof as evidence. If the decision had been offered in evidence, non constat but that the plaintiff might have produced later and different decisions upon the same question. In Monroe v. Douglass, 5 N. Y. 447, it was said (page 452):

"It is a well-settled rule, founded on reason and authority, that the lex fori, or, in other words, the laws of the country to whose courts a party appeals for redress, furnish in all cases prima facie the rule of decision; and, if either party wishes the benefit of a different rule or law,—as, for instance, the lex domicilii, lex loci contractus, or lex loci rei sitæ,—he must aver and prove it. The courts of a country are presumed to be acquainted only with their own laws. Those of other countries are to be averred and proved, like other facts of which courts do not take judicial notice; and the mode of proving them, whether they be written or unwritten, has long been established."

As no such defense was alleged in the answer, and no such offer made by the defendant, the contention of the latter on this point must fail. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.