### TOOHEY v. OCEAN S. S. CO. OF SAVANNAH.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. SERVANT—ASSUMPTION OF RISK.
   A servant engaged in unloading a cargo of timber and cotton from a ship assumed the risk of the timber falling on him when the cotton which had acted as a support for the timber was removed.

Appeal from trial term.

Action by James Toohey against the Ocean Steamship Company of Savannah. Judgment dismissing plaintiff's complaint at the close of his proof, and he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John J. O'Connell, for appellant.
Herbert Barry, for respondent.

HATCH, J.  The action is brought to recover damages for a negligent omission upon the part of the defendant to furnish for the plaintiff a safe place in which to perform the work devolved upon him, by rea-

son of which he was injured. The plaintiff was employed as a steve-dore in unloading the steamship Tallahassee at or near pier 35 in the North river, in the city of New York. The vessel was loaded with bales of cotton, hogsheads of pipe clay, pieces of timber, and lumber. In the compartment between decks after the blind hatch were piled along the side of the ship pieces of 8x8 or 8x10 timber, 20 to 25 feet long, and piled 7 or 8 feet high. The cotton and clay were placed against this timber, and acted as a support for the same so long as it remained in position. This merchandise was first removed, and its removal caused the vessel to list to the side opposite which the timber was piled. As the plaintiff was taking away a bale of cotton which had acted as a support for the timbers, the latter fell upon him, breaking his leg and inflicting other injuries. The work of unloading was under the general charge of a foreman, who was not, however, within the hold. The method of removal was almost exclusively in the charge of the men employed, and it was expected that they would assume the risk incident to the removal of the cargo, and protect themselves from injury therefrom as the different articles were taken out. It appeared that, if the remaining cargo at any time became unsafe, in the case of lumber, it was thrown down upon the floor before being removed, or was lashed to the side of the ship to prevent its falling. It is evident from the character of the work that the condition of danger from the timbers was created by the workmen themselves. They were the only persons who had notice of the existing conditions, and were bound, therefore, to care for their safety. Neglect in this respect is not chargeable to the master, as it is the product of the workmen. In other words, the workmen created the place where they worked. There was no danger from the vessel or its load as such. Workmen were only placed in peril by the removal of the cargo. The necessary consequence of removal was to change the place in which they worked, and if it became unsafe it was of the workmen's creation. Against the danger thus created they were bound to guard, and in assuming employment took the risk incident to the situation. Under such circumstances no recovery can be had against the master for injuries sustained. Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021; Foley v. Gaslight Co., 9 App. Div. 91, 41 N. Y. Supp. 66; Page v. Naughton, 63 App. Div. 377, 71 N. Y. Supp. 503; O'Connell v. Clark, 6 App. Div. 33, 39 N. Y. Supp. 454; Id., 22 App. Div. 466, 48 N. Y. Supp. 74; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905.

It follows that the judgment should be affirmed, with costs. All concur.