JAMES TOOHEY, Appellant, v. OCEAN STEAMSHIP COMPANY OF SAVANNAH, Respondent.

*Negligence — injury to a stevedore from timber falling upon him because of the removal by him of merchandise piled against and supporting it.*

Where, in the loading of a steamship, bales of cotton and hogsheads of clay are so placed as to form a support for a pile of timber, the owner of the steamship is not liable for injuries sustained by a stevedore while engaged in unloading the vessel, in consequence of the pile of timbers falling upon him as he was taking away a bale of cotton which had acted as a support for the timber.

In such a case the unsafe condition of the place in which the stevedores worked was of their own creation, and they assumed the risk incident thereto.

APPEAL by the plaintiff, James Toohey, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of January, 1902, upon the dismissal of the complaint by direction of the court,

at the close of the plaintiff's case, upon a trial at the New York Trial Term.

*John J. O'Connell,* for the appellant.

*Herbert Barry,* for the respondent.

Hatch, J. :

The action is brought to recover damages for a negligent omission upon the part of the defendant to furnish for the plaintiff a safe place in which to perform the work devolved upon him, by reason of which he was injured. The plaintiff was employed as a stevedore in unloading the steamship *Tallahassee* at or near pier 35 in the North river in the city of New York. The vessel was loaded with bales of cotton, hogsheads of pipe clay, pieces of timber and lumber. In the compartment between decks, after the blind hatch, were piled along the side of the ship pieces of eight by eight or eight by ten timber, twenty to twenty-five feet long, and piled seven or eight feet high. The cotton and clay were placed against this timber and acted as a support for the same so long as it remained in position. This merchandise was first removed, and its removal caused the vessel to list to the side opposite that on which the timber was piled. As the plaintiff was taking away a bale of cotton which had acted as a support for the timbers, the latter fell upon him, breaking his leg and inflicting other injuries. The work of unloading was under the general charge of a foreman who was not, however, within the hold. The method of removal was almost exclusively in the charge of the men employed, and it was expected that they would assume the risk incident to the removal of the cargo and protect themselves from injury therefrom as the different articles were taken out. It appeared that if the remaining cargo at any time became unsafe, in the case of lumber, it was thrown down upon the floor before being removed or was lashed to the side of the ship to prevent its falling.

It is evident from the character of the work that the condition of danger from the timbers was created by the workmen themselves. They were the only persons who had notice of the existing conditions and were bound, therefore, to care for their safety. Neglect in this respect is not chargeable to the master as it is the product of the workmen. In other words, the workmen created the place

where they worked. There was no danger from the vessel or its load, as such. Workmen were only placed in peril by the removal of the cargo. The necessary consequence of removal was to change the place in which they worked, and if it became unsafe it was of the workmen's creation. Against the danger thus created they were bound to guard, and in assuming employment took the risk incident to the situation. Under such circumstances no recovery can be had against the master for injuries sustained. (*Perry* v. *Rogers*, 157 N. Y. 251; *Foley* v. *Brooklyn G. L. Co.*, 9 App. Div. 91; *Page* v. *Naughton*, 63 id. 377; *O'Connell* v. *Clark*, 6 id. 33; S. C., 22 id. 466; *Cullen* v. *Norton*, 126 N. Y. 1.)

It follows that the judgment should be affirmed, with costs.

Van Brunt, P. J., Patterson, Ingraham and Laughlin, JJ., concurred.

Judgment affirmed, with costs.