WILLIAM C. THORNTON, Respondent, v. CHARLES W. HOGAN and JEFFERSON HOGAN, Doing Business as Partners under the Copartnership and Firm Name of T. HOGAN & SONS, Appellants, Impleaded with THE COMMERCIAL LIGHTERAGE COMPANY.

*Negligence — injury from the fall of bags of coffee while being transferred from a ship to a lighter — proof of notice to a colaborer stationed at the sling that too many bags were being put into it is incompetent.*

In an action brought to recover damages for personal injuries, it appeared that the plaintiff was a longshoreman in the employ of the Manhattan Lighterage Company and had been loaned by that company to the Commercial Lighterage Company; that at the time of the accident he was on a lighter belonging to the Commercial Company and was engaged under its orders in stowing bags of coffee which were being transferred by the defendants, a firm of master stevedores, from a ship to the lighter.

It did not appear that the plaintiff and the workmen of the defendants bore to each other the relation of fellow-servants. During the course of the work ten bags which were being lowered from the ship to the lighter fell from the sling, in which they had been placed, into the lighter injuring the plaintiff. The plaintiff claimed that the stevedores failed to sling the bags securely and gave the signal to start their carriage prematurely.

Upon the trial, evidence was given tending to show that the stevedores had been accustomed to place ten bags of coffee in the sling at each draft and that it was unsafe to put in so many.

*Held*, that it was error to allow the plaintiff to prove by a colaborer that the colaborer had, prior to the accident, notified the men stationed at the sling that it was not safe to put ten bags into the sling at a time, and that they should only put in eight, it not appearing that such notice was given to any one who had charge of the method of doing the work or who had the power to regulate or change such method.

APPEAL by the defendants, Charles W. Hogan and another, doing business as partners under the copartnership and firm name of T.

Hogan & Sons, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of March, 1902, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the 10th day of April, 1902, denying the said defendants' motion for a new trial made upon the minutes.

_H. Snowden Marshall_ and _Frederick E. Fishel_, for the appellants.

_Edward J. McCrossin_, for the respondent.

JENKS, J.:

I think that there should be a new trial because of error in admission of testimony. The plaintiff complains of negligence. There is no dispute of the testimony of the plaintiff that he was a longshoreman, hired by the Manhattan Lighterage Company and by it "loaned" to the Commercial Lighterage Company, so that at the time of the accident he was upon the lighter of the latter company, under its orders, stowing bags of coffee which were being unloaded by the defendants, who were stevedores, from a ship into the lighter. A load of bags while in transit from ship to lighter fell from the sling into the lighter, and injured the plaintiff. I think that the doctrine of _Perry_ v. _Rogers_ (157 N. Y. 251); _Cullen_ v. _Norton_ (126 id. 1), and _Toohey_ v. _Ocean Steamship Co._ (78 App. Div. 178; 79 N. Y. Supp. 567) does not apply, because it is based upon the condition of fellow-servants; and in this case the proof does not establish such relation between the plaintiff and the workmen of the stevedores. For aught that appears, the plaintiff looked to one master and obeyed him, and the workmen of the stevedores looked to another master and obeyed him, so that the plaintiff and the stevedores, though co-operating, were not fellow-servants. (_Sanford_ v. _Standard Oil Co._, 118 N. Y. 571; _Svenson_ v. _Atlantic Mail Steamship Co._, 57 id. 108; _Sullivan_ v. _Tioga R. R. Co._, 112 id. 643, 648; _Johnson_ v. _Netherlands American Steam Navigation Co._, 132 id. 576; _Kane_ v. _Mitchell Transportation Co._, 90 Hun, 65; S. & R. Neg. § 225.) The contention of the plaintiff was that the stevedores failed to sling the bags of coffee securely, and that they gave signals for the start of the carriage prematurely while the

bags were insecurely slung. If the stevedores were guilty of negligence in the doing of their work, whereby the plaintiff without contributory negligence, while engaged at his work, was injured, then liability might be cast upon the defendants. (*Giese* v. *Hall*, 37 Hun, 440.) These facts were testified to by the plaintiff. He was entirely familiar with this kind of work, and on this occasion the bags had not theretofore "come down entirely satisfactorily," but a good many had dropped out. Every few minutes some bags would drop from the sling. He had noticed this all the morning, and whenever he saw a load coming he went out of the way, but usually the bags scattered "out a little way from the sling," when they fell. He was standing six feet away from the place where the load usually came down, where he thought he was safe, though "they scattered all over sometimes when they come out, probably more than six feet." The plaintiff also testified that, as far as he recollected, Mr. Hogan (the defendant) had charge of the work on the deck of the ship. The learned counsel for the plaintiff asked a witness, who was a colaborer of the plaintiff: "Prior to this accident had you spoken to the man who fastened the hook of the fall into the draught — the sling or the draught?" This was objected to as immaterial and the objection was overruled, under exception. "Q. (What did you) say to the man who was hooking this hook of the fall into the draught?" This was objected to as incompetent, irrelevant and immaterial, and the objection was overruled, under exception. "A. To make them put eight in a draught." A similar question was again similarly objected to, but admitted under exception, and the witness answered that he told the man not to put ten bags in a draught because it was not safe — and that he told him to continue putting eight bags in a draught, and that it "would come down all right." The witness then testified that after this ten bags were put in the sling or fall, and there was testimony that there was this number of bags in the load which fell and injured the plaintiff. The learned court told the counsel for the defendants that he might move to strike out this testimony as to the conversation with the stevedores if it were not connected. Thereafter such a motion was made and denied with leave to renew it. It is entirely possible that the jury might have placed liability upon the defendants in consideration

that there was evidence that during the progress of the work the defendants had notice that the method of doing the work, namely, by draughts of ten bags instead of eight bags, was unsafe. Again, the jury might have concluded that the plaintiff took the apparent risk of the work without objection, and that he was injured by a risk recognized and accepted by him, save for the proof that he had given notice to the defendants and requested a change which would have removed the risk. And yet there was no evidence of such notice to the defendants save the testimony of this conversation with the man at the sling — an Italian who attended to the fall. As it does not appear that this notice was given to any one who had charge of the method of the work, with the power to regulate it or to change it, I think that it is insufficient to charge the defendants. (*Cameron* v. *N. Y. C. & H. R. R. R. Co.*, 145 N. Y. 400.) I think that the court was correct in his discharge of the codefendant, and I do not express any opinion upon the liability or immunity of the defendants Hogan, but I place this reversal solely upon this error in evidence.

Goodrich, P. J., Bartlett, Hirschberg and Hooker, JJ., concurred.

Judgment and order reversed as to the appellants and new trial granted, costs to abide the event.