ESPOSITO v. ROCK PLASTER CO. OF NEW YORK AND NEW JERSEY.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. MASTER AND SERVANT (§ 193*)—INJURIES TO THIRD PERSONS—RELATION OF PARTIES.

The mere giving of signals indicating when to start and stop the machinery was not such supervision over an engineer furnished by the owners of a cargo as to make him temporarily a servant of the firm of stevedores, whose servant gave the signal, and hence does not bar recovery from the owners of the cargo by another servant of the stevedores for injuries caused by the negligence of the engineer, on the ground that he was a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 193.*]

2. MASTER AND SERVANT (§ 287*)—INJURIES TO THIRD PERSONS—RELATION OF PARTIES—QUESTION FOR JURY.

In an action for injuries to a servant of a firm of stevedores, caused by the negligence of an engineer furnished by the owners of the cargo, evidence *held* to present a question of fact whether the engineer had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

ceased to be the employé of the owners of the cargo, and had become, for. the time being, the employé of the firm of stevedores.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 287.*]

Woodward and Rich, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Agostino Esposito against the Rock Plaster Company of New York and New Jersey. From a judgment dismissing the complaint at the close of plaintiff's testimony, he appeals. Reversed, and new trial granted.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Moses Feltenstein, for appellant.

William M. Beard, for respondent.

BURR, J. Plaintiff's right of action depends upon the common-law liability of master to servant. He was in the employ of the firm of M. P. Smith & Sons. Their business was that of stevedores. On the 30th of November, 1906, they were engaged in discharging a cargo for defendant, from a steamship lying at its dock at the foot of 150th street in the borough of the Bronx. Part of the appliances for unloading the vessel consisted of a steam winch, derrick, and fall, which 'belonged to defendant. While at work, plaintiff was struck by an iron bucket attached to the fall, as the result of which he sustained serious injuries. There was evidence from which a jury could have found that this was due to the careless and negligent conduct of the engineer in charge of the winch.

At the close of plaintiff's case a motion to nonsuit was granted, upon the ground that the negligence of the winchman was that of a fellow servant of plaintiff. The winchman was in the general employ of defendant, was hired by it, paid by it, and, so far as the evidence discloses, it alone had the power to discharge him. Under the contract between defendant and the firm of M. P. Smith & Sons, the latter were to furnish the necessary appliances and labor to accomplish the unloading of the vessel, except that defendant was to furnish the gear and hoisting apparatus, the steam power, and the engineer or winchman to operate such machinery. It is true that Winfield L. Smith, one of said firm, when called as a witness for plaintiff, testified that:

"The control and the supervision and the running of the engine was done under directions and orders of M. P. Smith & Sons."

This testimony was elicited under the skillful cross-examination of shrewd and able counsel, and it is at least questionable whether such testimony was not the conclusion of the witness, rather than his "conscious experience" as to the facts. Moebus v. Herrmann, 108 N. Y. 349, 354, 15 N. E. 415, 416, 2 Am. St. Rep. 440. His testimony as to the acts of the parties established nothing more than that the employés of the said firm did indicate by signals to the engineer when it was necessary to hoist the load and when to permit

it to descend, so that he might operate the machinery to accomplish this result. I doubt whether his testimony could be possibly construed to mean more than that. His testimony was that this supervision included "instructing him to hoist the tubs out of the hold and lower them away." He testified to no other act of supervision, neither did any other witness, nor is there any evidence as to acts done from which any other supervision may be implied.

The man who held the guy rope, and who was the only one shown to have given any directions to the engineer, testified, when asked as to his duties in connection with him, that he "just told the winchman to go ahead or to stop." This alone would not be sufficient to transfer the responsibility for the acts of the latter from defendant, his general employer, to the firm of stevedores, so that plaintiff was barred from a recovery upon the ground that he became for the time being his fellow servant. The mere giving of this signal was not supervision and control of the engineer, but simply the conveying to him of information to enable him to do the work. Sanford v. Standard Oil Co., 118 N. Y. 571, 24 N. E. 313, 16 Am. St. Rep. 787; Johnson v. Netherlands American Steam Navigation Co., 132 N. Y. 576, 30 N. E. 505; Standard Oil Co. v. Anderson, 212 U. S. 215, 29 Sup. Ct. 252, 53 L. Ed. 480; De Maio v. Standard Oil Co., 68 App. Div. 167, 74 N. Y. Supp. 165; Lauro v. Standard Oil Co., 74 App. Div. 4, 76 N. Y. Supp. 800; Henry v. Stanley Hod Elevator Co., 129 App. Div. 613, 114 N. Y. Supp. 38.

I think that upon the evidence in this case the court should not have decided as matter of law that the engineer had ceased to be the employé of defendant, and had become for the time being the employé of M. P. Smith & Sons, but should have left it to the jury under proper instructions to determine as a question of fact.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event.

THOMAS and CARR, JJ., concur.

WOODWARD, J. (dissenting). The complaint in this action alleges the incorporation of the defendant, and that on the 30th day of November, 1906, while plaintiff was at work upon a certain steamship alongside the dock at 150th street and East river, borough of the Bronx, New York City, a certain hoisting derrick or engine belonging to the defendant, and in charge of one of the servants or employés, was so carelessly and negligently handled and operated as to cause a large and heavy iron bucket, which was being let down into the place where plaintiff was at work, to fall upon the plaintiff; that plaintiff was in the employ of M. P. Smith & Sons, who were the stevedores, and who at the time of the accident were engaged in unloading for the defendant a cargo at Oak Point, N. Y. At the close of plaintiff's case it appeared, upon cross-examination, that the firm of M. P. Smith & Sons was to discharge the ship, and furnish the labor; that the Rock Plaster Company was to furnish the gear and the hoisting, and the engineer and the steam; and that the firm were not to pay the engineer. But it was further disclosed that the arrangement

included supervision and control of all the men. Plaintiff's witness, replying to the question, "What did that supervision include?" says:

"Instructing him to hoist the tubs out of the hold and lower them away; that is, included the control and directions of the manner in which they were to run their engine, so that the control and the supervision and the running of the engine was done under directions and orders of M. P. Smith & Sons, and their men, their employés, and that was the arrangement under which this steamship in question on November 30, 1906, was unloaded."

With this uncontradicted testimony . from plaintiff's witness, the court granted defendant's motion to dismiss the complaint, upon the obvious ground that the engineer in the general employ of the Rock Plaster Company was for the purposes of this work, in the special employ of M. P. Smith & Sons, and was therefore, a fellow servant of the plaintiff. There was no question of disputed facts. The witness was produced by the plaintiff, and, while he now suggests that the witness was unfriendly, there is absolutely nothing in the record to break the force of the testimony that the engineer, through whose alleged negligence the accident is said to have occurred, was under the direction and control of the employers of the plaintiff. Under such circumstances all the authorities agree that there is no liability on the part of the general master. This general subject was fully discussed by this court in the case of Breslin v. Sparks, 97 App. Div. 69, 89 N. Y. Supp. 627, and the conclusion there reached is supported by the highest authorities, and is the law applicable to this case.

The judgment appealed from should be affirmed, with costs.

RICH, J., concurs.