CROWLEY v. MURRAY & HILL CO.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. MASTER AND SERVANT (§ 89*)—SCOPE OF EMPLOYMENT—MASTER'S LIABILITY.

Where a foreman of a company manufacturing interior woodwork ordered a servant to help a former employé, who was going away, to move his furniture, the company was not liable for injuries to such servant, received while doing so, since a master is liable only for injuries suffered in the course of his employment, or in performing services required by him, and no inference of authority is drawn from the mere fact that it was ordered by the company's foreman.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156; Dec. Dig. § 89.*]

2. MASTER AND SERVANT (§ 89*)—INJURY TO SERVANT—EXISTENCE OF RELATION—EVIDENCE.

Where plaintiff was ordered by his employer's foreman to assist in some outside work with other employés, the mere fact that he thought he was acting as his employer's servant is not sufficient to fix liability on the employer for a negligent injury, in the absence of further proof of the foreman's authority.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156; Dec. Dig. § 89.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by John Crowley against the Murray & Hill Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Carl Schurz Petrasch, of New York City, for appellant.

Don R. Almy, of New York City, for respondent.

SCOTT, J. The plaintiff has secured a judgment for personal injuries which he received in May, 1909. On that date he was in the general employ of defendant, a corporation engaged in the business of manufacturing interior woodwork. It had a yard at Broadway and 130th street, in the city of New York, and plaintiff's employment was to handle the lumber which defendant received in its yard for manufacturing purposes. On May 28, 1909, a man named Massey, who was the brother-in-law of one of the defendant's officers and had himself been in defendant's employ, was about to return to Scotland to live and was taking his furniture with him. He had been living in an apartment on 133d street. On the morning of the day on which the accident happened, one Meyer, who was the shipping clerk and foreman for defendant, asked or directed plaintiff to go to Massey's house and help move his furniture. Several other of defendant's employés seem to have been engaged in the same work, and the truck used to move the furniture belonged to defendant and was driven by one of its drivers. Among the articles to be moved was an upright piano, which was safely brought down to the sidewalk, boxed, and loaded on the truck. After the truck was loaded, it was sent, in charge of the driver, to the pier of the Anchor Line of steamers. Plaintiff was either asked or directed by Meyer to go with the truck and its load. The evidence is that both Meyer and Massey gave to the driver money with which to hire help at the pier in unloading. The driver corroborates this, although plaintiff professes to have known nothing of it. When they arrived at the pier, plaintiff and the driver attempted, unassisted, to unload the piano from the truck, when, either because it was too heavy for them, or they were unskilled, it slipped and fell on plaintiff's leg, breaking it.

[1] The negligence attributed to defendant is that it failed to furnish sufficient men to unload the piano. There is a fundamental difficulty in the way of sustaining this judgment, which is that when the plaintiff received his injury he was not engaged in the master's business. The defendant was not in the business of moving furniture, and the general scope of plaintiff's employment did not include such services. It is a rule of the law of master and servant, too well settled to require discussion or the citation of authorities, that a master is liable to his servant only for injuries suffered in the course of his employment, or in performing services required of him by his master. There is not the slightest evidence that Meyer had authority from defendant to take plaintiff away from defendant's work and put him at work for others in doing something with which defendant had no

concern. Nor is any inference of such authority to be drawn from Meyer's position in defendant's employ.

[2] It may be, as plaintiff contends, that he believed that he was acting as defendant's servant in assisting in shipping the piano; but that cannot serve to fasten liability on defendant. Furthermore we are of opinion that plaintiff wholly failed to bear the burden of establishing his own freedom from contributory fault or negligence. The size and weight of the piano were apparent to him, and he should have been able to form a judgment for himself as to whether or not two men could safely handle it. The accident was probably due to his own maladroitness, or that of his fellow servant, the driver.

It is not necessary to consider on this appeal in whose employ the plaintiff was acting when the accident happened. It is sufficient that he was not then acting as defendant's servant.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.