WILLIAM MURRAY, Respondent, *v.* O'BRIEN BROS., INC., and Another, Appellants, Impleaded with O'BOYLE LIGHTERAGE COMPANY and Another, Defendants.

First Department, November 1, 1929.

*Francis J. MacIntyre* of counsel [*John V. Downey* with him on the brief; *Warren & MacIntyre*, attorneys], for the appellant O'Brien Bros., Inc.

*George J. Stacy* of counsel [*James J. Mahoney* and *Robert B. Livingston* with him on the brief; *James J. Mahoney*, attorney], for the appellant Manhattan Sand Company, Inc.

*Sidney J. Feltenstein* of counsel [*Thomas J. Stapleton*, attorney], for the respondent.

FINCH, J. The corporate defendants, O'Brien Bros., Inc., and Manhattan Sand Company, Inc., appeal from a judgment obtained against them by the plaintiff upon the verdict of a jury awarding damages for personal injuries arising out of an accident. Both

defendants disclaim any liability to the plaintiff under the facts, which in substance are not in dispute and are, briefly, as follows:

The plaintiff was employed by the defendant Manhattan Sand Company, Inc., as dock foreman at an open dock owned by the city, which leased wharfage rights to various contractors, among them being the defendant O'Brien Bros., Inc., and the Manhattan Sand Company, Inc. The duties of plaintiff were to see that the barges were unloaded and the sand and gravel placed in hoppers. The defendant O'Brien Bros., Inc., was engaged at this wharf in the business of dumping at sea, for various contractors, earth, which they would deliver on the dock. This earth the O'Brien Company would load upon scows by means of a floating derrick or hoist, which belonged to the defendant O'Boyle but which the latter hired to the O'Brien Company, together with an engineer and fireman to operate the same.

On the date of the accident the plaintiff, in performance of his duties as an employee of the defendant Manhattan Sand Company, Inc., found it necessary in order to unload the cargo of sand to move a barge tied up at the outer end of the pier to another position within the slip. To accomplish this, plaintiff used a rope furnished by the Manhattan Sand Company, Inc. One end of the rope was made fast to the O'Brien dumper and the other to a windlass upon the barge to be moved. The plaintiff then endeavored to haul the barge from one position to the other by winding the rope upon the windlass. This work was started at the time of slack water, but before accomplishment the tide commenced to run, and plaintiff found he could not perform the task unaided and that there was grave danger of the barge getting completely out of control and going adrift. The plaintiff then called to the engineer of the derrick, which the O'Brien Company had hired from O'Boyle, to assist him by lowering the heavy bucket attached to the derrick against the rope running to the windlass on the barge in order that plaintiff might take up on the windlass the slack of the rope thus obtained. This request for aid was at once complied with by the engineer, who at the moment the call was made was coming down the dock. Plaintiff testified: " * * * he didn't wait to put on his old clothes or anything; he ran to operate the machine and he put the machine alongside of my rope." The bucket was twice lowered against the rope and the slack wound up on the windlass by the plaintiff. Upon lowering the bucket the third time it descended rapidly directly upon the rope, causing the handle of the windlass to strike and injure the plaintiff's hand.

From the foregoing facts, even assuming that a jury might correctly find that the engineer and fireman furnished with the derrick

by the O'Boyle Company were the servants of the O'Brien Company in the work of the O'Brien Company, yet would the O'Brien Company not be liable since at the time of the accident these servants were not working for the O'Brien Company, nor was the latter in any wise interested in the work out of which the accident arose. In consequence, the engineer and fireman were not acting within the scope of their employment either by O'Boyle or O'Brien when they went to the aid of the plaintiff, upon his request, to help in the work belonging to the Manhattan Sand Company, Inc. (*Crowley* v. *Murray & Hill Co.*, 154 App. Div. 478; *Cannon* v. *Fargo*, 138 id. 20.) Hence neither the O'Boyle Company nor the O'Brien Company could be liable for any negligence in the operation of the derrick in behalf of the Manhattan Sand Company, Inc.

It follows that the judgment against O'Brien Bros., Inc., must be reversed, with costs, and the complaint dismissed, with costs.

In so far as the Manhattan Sand Company, Inc., is concerned, the plaintiff charges in his complaint that " this accident was also contributed to by the negligence of the defendant Manhattan Sand Company, Inc., its agents, servants and employees, because sufficient, proper and adequate appliances were not furnished, and because a sufficient number of efficient help was not provided, and on account of not furnishing the plaintiff with a safe place to work." In the bill of particulars furnished by the plaintiff to the Manhattan Sand Company, Inc., plaintiff further limits his claim of what constituted negligence by the Manhattan Sand Company, Inc., as follows: " The plaintiff claims that the appliances furnished by the defendants were not adequate and proper in so far that the winch was worn, broken and incapable of withstanding any jar." In addition, the court, in its charge, limited the liability of the Manhattan Sand Company, Inc., " whether or not there was any failure on the part of the Manhattan Sand Company to supply sufficient appliances and whether that contributed to the accident in any way, whether it was a direct and proximate cause of the accident. If it was not, you disregard any claim against the Manhattan Sand Company. If there was a failure to supply appliances, it was negligence; and if it was the proximate cause of the accident, then you consider the claim of Murray against the Manhattan Sand Company." Again the court charged: " Now, the claim in this complaint is that there was a defect in appliances or a failure to supply proper appliances, which is one of the things mentioned in the statute, and which is the only one claimed in the complaint, and, therefore, the question is, was there a failure on the part of the Manhattan Sand Company, through the negligence of anyone in the Manhattan Sand Company in failing to supply the

appliances, as claimed in the complaint, which was a proximate cause of the injury to Murray on this ·date and which was negligence? " No exception was taken by the plaintiff to this charge of the court. Counsel for the Manhattan Sand Company, Inc., also asked the court to charge " that there is no proof that Murray was authorized to hire help." This request the court declined, upon the ground that it was immaterial here. Counsel further said: " I ask your Honor to charge that if Harmon is a volunteer, then the Manhattan Sand & Gravel Company is not charged with liability for any of his acts." The Court: " I will go further than that and say that the Manhattan Sand Company is not liable for any amount of his acts at all." The counsel further said: " I ask your Honor to charge that there is no proof that the place of work was unsafe." The Court: " I so charge." To all of this no exception was taken by the plaintiff. In other words, the claim of the plaintiff against this defendant Manhattan Sand Company, Inc., was limited to that of failure to supply sufficient appliances. Plaintiff makes no claim that if an emergency was found to exist he would have had authority to employ, on behalf of the Manhattan Sand ·Company, Inc., for the emergency the operators of the derrick and that the Jones Act might be held to relieve him from the defense of negligence by a fellow-servant. (See Merchant Marine Act of 1920 [41 U. S. Stat. at Large, 1007], § 33; now U. S. Code, tit. 46, § 688.)

To this claim of failure upon the part of the Manhattan Sand Company, Inc., to furnish sufficient appliances, the record furnished a complete answer, showing that no sufficient proof was offered to sustain a finding that such appliances were lacking. The windlass was located on barge 85, which belonged to the Bouker Contracting Company. Furthermore, the plaintiff testified that the windlass which he used was both in order and out of order. As to the rope, plaintiff here contends that the rope used by him was the only rope provided for the work and that it lacked sufficient length. The evidence shows that there were other ropes provided. In addition, plaintiff testified that he could not have used any more rope. Even the contention as to the rope contradicts the claim in the bill of particulars which limits the negligence to the defective windlass, which, as already noted, was not furnished by the Manhattan Sand Company, Inc., but by the Bouker Contracting Company.

The plaintiff further contends that on many other occasions when a similar job was to be performed, the defendant Manhattan Sand Company, Inc., had furnished him with auto trucks with sufficient power to draw the barge into the slip by means of a rope attached

to the rear end of the truck and that, as the pier was about 200 feet long, rope of sufficient length was not furnished. This same objection applies to another method of bringing in the scow, namely, to attach a rope to a land derrick operated by a donkey engine, and as this derrick was stationed at the bulkhead, it also required about 200 feet of rope. But, as already noted, the plaintiff stated that he could not have used any more rope, and it does appear that there was plenty of rope furnished by the defendant Manhattan Sand Company, Inc., for him to use.

It follows that the verdict of the jury that the defendant Manhattan Sand Company, Inc., was negligent in failing to furnish the proper appliances is against the weight of the evidence, and the judgment appealed from should be reversed and a new trial granted, with costs to the said appellant to abide the event.

DOWLING, P. J., McAVOY and PROSKAUER, JJ., concur; MERRELL, J., dissents in so far as a new trial is ordered with respect to the defendant Manhattan Sand Company, Inc., and votes for dismissal of the complaint as to said defendant.

Judgment and order, so far as appealed from by defendant O'Brien Bros., Inc., reversed, with costs, and the complaint as to said defendant dismissed, with costs, and the action severed, and the judgment and order, so far as appealed from by the defendant Manhattan Sand Company, Inc., reversed and a new trial ordered, with costs to said appellant to abide the event.